PeaesoN, C.. J.
We concur with his Honor in the opinion tliat the action cannot be maintained in the name of McDowell.. In Kinney v. Saunders, 3 Ired. 360, it was decided that “ a bond taken by a clerk and master in pursuance of an order of the court, and made payable to him and his successors in office, must,., on his death, be sued upon in the name of his-personal representatives, there being ncact of the- legislature-requiring bonds to be made payable to him and his successors in office.”
•That case is decisive of the present action, and we suppose the attention of the counsel, who issued the writ, was not called to it. “ The treasurer of the trustees of Davidson College’ is not a corporation suie,,and cannot be made so, except by an-ací of the Legislature. If there be any clause in the charter of the college’having, that effect,.it should have been offered in evidence to the'court., As-the bond is payable to Thomas II. Robinson, the-suit on it must be in- his name, if he is living, or in that of his personal representatives, if he is-dead. There is no error.
Pee Curiam,. Judgment affirmed.-